**NJID 796548**
PHELAN HALLINAN DIAMOND & JONES, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
856-813-5500
Attorneys for SELECT PORTFOLIO SERVICING INC. AS SERVICER FOR WELLS FARGO BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, F/K/A NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR SACO1 INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1999-3

**Order Filed on October 23, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| ROGER V. ASHODIAN A/K/A ROGER VAUGHN ASHODIAN | : CASE NO.  17-24000-VFP |
| Debtor | : |

**INTERIM ORDER RESOLVING SECURED CREDITOR'S MOTION TO OPEN THE BANKRUPTCY CASE FOR THE LIMITED PURPOSE OF ANNULING THE AUTOMATIC STAY, NUNC PRO TUNC, TO VALIDATE THE JULY 11, 2017 SHERIFF SALE AND OBTAINING IN REM RELIEF PURSUANT TO 11 U.S.C. §362(d)(4) AND FOR AN INTERIM EXTENSION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(c)(3) PENDING FURTHER HEARING ON DECEMBER 15, 2017**

The Relief set forth on the following pages, numbered two (2) through four (4) is hereby by ORDERED.

_____
**Honorable Vincent F. Papalia**
United States Bankruptcy Judge

**DATED: October 23, 2017**

F0006079 - 1

Page 2
Debtor:     Roger Vaughn Ashaodian
Case No.    17-24000 (VFP)
Caption:    Interim Order Resolving Secured Creditor's Motion to Open the Bankruptcy Case for the Limited Purpose of Annulling the Automatic Stay, *nunc pro tunc*, to Validate the July 11, 2017 Sheriff Sale Obtaining in rem Relief Pursuant to 11 U.S.C. §362(d)(4) and for an Interim Extension of the Automatic Stay Pursuant to 11 U.S.C. §362(c)(3) Pending Further Hearing on December 15, 2015

THIS MATTER having been brought before the Court by NICHOLAS ROGERS, ESQ., attorney for Secured Creditor SELECT PORTFOLIO SERVICING INC. AS SERVICER FOR WELLS FARGO BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE, F/K/A NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR SACO1 INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1999-3 (hereinafter referred to as "SPS") upon the filing of a Motion (the "Motion") to Open Bankruptcy Case for the Limited Purpose of Annulling the Automatic Stay, *Nunc Pro Tunc*, to Validate the July 11, 2017 Sheriff Sale and Obtaining In Rem Relief Pursuant to 11 U.S.C. § 362(d)(4) with respect to the real property located at 6910 Henley Street, Philadelphia, PA 19119 (the "Property"); and ROGER V. ASHODIAN (the "Debtor"), having filed a response to the Motion, and SPS through its counsel, Andrew Spivack, Esq., and the Debtor, through his counsel, Kim R. Lynch, Esq., having appeared at a status conference held on October 5, 2017, and the parties having agreed to the entry of the within interim Order;

IT IS on the              day of          , 2017, **ORDERED** as follows:

1. The Motion is hereby adjourned to **December 15, 2017 at 10:00 AM**;

2. A status conference will take place on **November 2, 2017 at 12 PM**. Parties are to use their best efforts to resolve all outstanding discovery issues prior to the scheduled status conference. The parties shall provide a written status to the Court prior to the scheduled status conference.

3. Debtor shall make a payment to the Chapter 13 Trustee in the amount of $5,175.00 by October 20, 2017. This amount represents temporary adequate protection payments of $1,068.38 for the months of August, September and October 2017, post-petition tax escrow of $300 per month and post-

Case 17-24000-VFP    Doc 48    Filed 10/23/17    Entered 10/23/17 16:04:13    Desc Main
Document    Page 3 of 4

Page 3
Debtor: Roger Vaughn Ashaodian
Case No. 17-24000 (VFP)
Caption: Interim Order Resolving Secured Creditor's Motion to Open the Bankruptcy Case for the Limited Purpose of Annulling the Automatic Stay, *nunc pro tunc*, to Validate the July 11, 2017 Sheriff Sale Obtaining in rem Relief Pursuant to 11 U.S.C. §362(d)(4) and for an Interim Extension of the Automatic Stay Pursuant to 11 U.S.C. §362(c)(3) Pending Further Hearing on December 15, 2015

petition insurance payments of $200.00 per month, plus Trustee Commissions. The Chapter 13 Trustee is permitted to disburse $3,205.14 directly to SPS pre-confirmation representing post-petition adequate protection payments for August, September and October 2017. The Trustee is also authorized to disburse the sum of $1,500.00 to Debtor's attorney for deposit into the Escrow Account described in paragraph 9, representing post-petition taxes and insurance payments for August, September and October 2017.

4. Starting with the November 1, 2017 payment and continuing on the first of the month through confirmation of Debtor's chapter 13 Plan, Debtor must tender adequate protection payments equal to monthly principal and interest in the amount of $1,068.38 (the "Adequate Protection Payment") to the Chapter 13 Trustee for the benefit of SPS. Debtor must pay the Trustee (a) the Adequate Protection Payment and (b) Trustee Commissions at the rate set by the United States Trustee. The Chapter 13 Trustee is permitted to disburse each Adequate Protection Payment directly to SPS pre-confirmation. Debtor's payments to the Trustee are subject to a ten-day default.. Notice of default shall be filed with the Court and served upon the Debtor and his counsel. If Debtor fails to cure the default within such ten-day period, the Trustee may exercise her available rights and remedies.

5. The Automatic Stay shall be extended on an interim basis pursuant to 11 U.S.C. §362(c)(3), shall remain in effect during the pendency of the Motion and will continue pending further order of the Court. None of the payments tendered, received, or applied by SPS or Debtor negates either of their positions set forth in their papers or future arguments.

6. Since the Automatic Stay is in effect and no Party has relief from the Automatic Stay to litigate any issues in State Court, all pending State Court actions, including but not limited to Debtor's petition to Vacate or Set Aside the Sheriff Sale and Plaintiff's Exceptions to Sheriff's Sale

Page 4
Debtor:     Roger Vaughn Ashaodian
Case No.    17-24000 (VFP)
Caption:    Interim Order Resolving Secured Creditor's Motion to Open the Bankruptcy Case for the Limited Purpose of Annulling the Automatic Stay, *nunc pro tunc*, to Validate the July 11, 2017 Sheriff Sale Obtaining in rem Relief Pursuant to 11 U.S.C. §362(d)(4) and for an Interim Extension of the Automatic Stay Pursuant to 11 U.S.C. §362(c)(3) Pending Further Hearing on December 15, 2015

Distribution Pursuant to Pa.R.C.P. 3136(d) (Docket No. December 2007, No. 2971) scheduled for **October 25, 2017** in Philadelphia Court of Common Pleas shall be postponed until a date after December 15, 2017 so a decision can be rendered with regards to the instant motion.

7. Debtor must remain current with the Chapter 13 Trustee with his Chapter 13 Plan payments.

8. The Debtor shall obtain insurance for the Property and provide proof of insurance to SPS and the Chapter 13 Trustee on or before October 31, 2017.

9. Debtor shall deposit the sum of $300.00 per month commencing November 1, 2017 in the account representing 1/12 of real estate taxes due on the Property and $200.00 per month representing homeowners' insurance premiums into an escrow account (the "Escrow Account") maintained for this purpose. These amounts may be adjusted to account for the actual amount of real estate taxes and insurance required to be escrowed over a twelve-month period. The Escrow Account shall be maintained by the Debtor's law firm.

10. Debtor is required to cooperate and provide full access of the Property to allow SPS to perform an appraisal. Access to the Property must be completed before the hearing currently scheduled for December 15, 2017.

11. Debtor shall provide all necessary documentation to the Chapter 13 Trustee in advance of the 341(a) Meeting of Creditors scheduled for October 31, 2017.